United States District Court
Southern District of Texas
**ENTERED**
October 28, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZACHARY DEWAYNE SMITH, TDCJ #1755454, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-2955 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

The petitioner, Zachary DeWayne Smith, is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction that was entered against him in 2011.  The respondent now moves to dismiss the petition as barred by the governing one-year statute of limitations [Doc. # 18].  Smith has not filed a response and his time to do so has expired.  After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this action for reasons set forth below.

## I.   **BACKGROUND**

A grand jury in Montgomery County, Texas, returned an indictment against Smith in state court cause number 10-12-13772-CR, charging him with injury to a child (count one) and assault causing bodily injury to a family member (count two).[1] The charges in count two of that indictment were enhanced for purposes of punishment with an allegation that Smith had previously been convicted of an offense involving violence against a member of his household.[2]  The indictment was further enhanced for purposes of punishment with allegations that Smith had at least two other prior felony convictions for aggravated robbery and burglary of a building.[3]

On November 18, 2011, Smith pled guilty to both counts of the indictment in cause number 10-12-13772-CR and he admitted that the enhancement allegations were true.[4]  The 359th District Court of Montgomery County, Texas, accepted that plea and sentenced Smith to forty years' imprisonment in that case.[5]  Smith did not appeal.

---

[1]      Indictment, Doc. # 17-2, at 57.

[2]      *Id.*

[3]      *Id*. at 57-58.

[4]      Judgment of Conviction by Court - Waiver of Jury Trial, Doc. # 17-2, at 59-62.

[5]      *Id.*

In a petition and supporting memorandum dated October 14, 2014, Smith now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254.[6]  In that petition, Smith contends that the trial court erred by enhancing his sentence with prior convictions in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The respondent moves to dismiss the petition with prejudice as barred by the governing one-year statute of limitations on federal habeas corpus review.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because Smith challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

---

[6]   The petition, which was received for filing on October 17, 2014, is not dated.  Smith's memorandum in support of the petition, however, is dated October 14, indicating that he placed his pleadings in the prison mail system on that same day.  For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).  Using the date most favorable to Smith, the Court considers that the petition was filed no later than October 14, 2014.

As outlined above, Smith pled guilty and received a forty-year prison sentence on November 18, 2011. Although he did not file an appeal, his time to do so expired thirty days later on or about December 18, 2011. *See* TEX. R. APP. P. 26.2(a)(1). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on December 18, 2012. Smith's pending federal habeas corpus petition, filed on October 14, 2014, is well outside the limitations period and is therefore time-barred unless an exception applies.

**A.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record reflects that Smith filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on March 20, 2014.[7] The state habeas corpus court, which also presided over the guilty plea and sentencing, entered findings of fact and concluded that Smith was not entitled to relief.[8] The Texas Court of Criminal Appeals denied that application on May 28, 2014, without a written order based on findings made by the

---

[7]     State Habeas Application Under Article 11.07, Doc. # 17-2, at 6-24.

[8]     Findings of Fact and Conclusions of Law, Doc. # 17-2, at 54-56.

trial court.[9]  Because this state habeas proceeding was filed after the limitations period

had already expired, it has no tolling effect for purposes of § 2244(d)(2).  *See Scott v.*

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not

tolled by a state habeas corpus application filed after the expiration of the limitations

period).

Smith has not alleged that he was subject to state action that impeded him from

filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there

is no showing of a newly recognized constitutional right upon which the petition is

based; nor is there a factual predicate for the claims that could not have been

discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C.

§ 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save Smith's late-

filed claims.

### B.    Equitable Tolling

Smith has acknowledged that his petition is untimely and argues that he is

entitled to tolling for equitable reasons because he is "a lay man in the law" and did

not know that there was a statute of limitations on federal habeas review.  [Doc. # 13,

at 1-2].  Equitable tolling is an extraordinary remedy which is sparingly applied.  *See*

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Fifth Circuit has

---

[9]      Action Taken in *Ex parte Smith*, Writ No. 81,344-01, Doc. # 17-1, at 1.

held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Smith does not meet the criteria for equitable tolling here.

The record confirms that Smith waited until 2014 to challenge his 2011 conviction.  Based on this record, Smith does not show that he pursued relief with due diligence.  Equitable tolling is not available where, as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Smith proceeds *pro se* on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of

6

knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[10] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applies, if at all, "restrictively," and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the length of delay and the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.

---

[10]    Alternatively, from this Court's own review of the record it does not appear that Smith's sentence was enhanced improperly or that his punishment was increased in violation of *Apprendi*, which allows judicial fact findings where prior convictions are concerned. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any fact, other than the fact of a prior conviction, that increases penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt); *see also United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007) (emphasizing that a defendant's prior felony convictions are not treated as an element of the offense and need not be presented to a jury).

*See Felder*, 204 F.3d at 173.  Smith has not established that he is entitled to tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).  Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief.  Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1.     The respondent's motion to dismiss [Doc. # 18] is **GRANTED**.

2.     The habeas corpus petition filed by Zachary Dewayne Smith [Doc. # 1] is **DISMISSED** with prejudice as barred by the statute of limitations.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>October 28</u>, 2015.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE